**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**CHELMSFORD, MASSACHUSETTS**

**IN THE MATTER OF:**

| | | |
|---|---|---|
| **GUIRAND, Remy** | ) | |
| | ) | |
| **A** [redacted] | ) | **In Bond Proceedings** |
| | ) | **DETAINED** |
| **Respondent** | ) | |

**APPLICATION**: Motion for Custody Redetermination

**ON BEHALF OF THE RESPONDENT:**
Matthew Elliot Burns
Law Office of David Spizter, LLC
92 State Street, Floor 6
Boston, Massachusetts 02109

**ON BEHALF OF DHS:**
Katie Leney, Esq. Assistant Chief Counsel
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
150 Apollo Drive, Suite 100
Chelmsford, Massachusetts 01824

## BOND ORDER OF THE IMMIGRATION JUDGE

### I. PROCEDURAL HISTORY

On September 29, 2026, the U.S. Department of Homeland Security ("DHS") detained the Respondent, Mr. Remy Guirand ("Respondent"), at an Immigration and Customs Enforcement ("ICE") check-in. The Chelmsford Immigration Court ("Court") convened for a custody redetermination hearing on October 8, 2026, at the direction of the United States District Court for the District of Massachusetts. Bond Exh. 1. Accordingly, the Court finds that DHS did not establish by clear and convincing evidence that the Respondent poses a danger to the community. The Court also finds that DHS has established by a preponderance of the evidence that the Respondent is a flight risk.

## II. DOCUMENTARY EVIDENCE[1]

**Bond Exhibit 1**: Order of the United States District Court for the District of Massachusetts (Oct. 6, 2026)

**Bond Exhibit 2**: DHS' Evidence Submission (Oct. 7, 2026)

**Bond Exhibit 3:** Respondent's Evidence Submission (Oct. 7, 2026)

## III. STANDARDS OF LAW

The Court may review the custody status of a respondent in removal proceedings, provided that the respondent is not subject to mandatory detention pursuant to section 236(c) of the Immigration and Nationality Act ("INA" or "Act"). INA § 236(a). When reviewing a respondent's custody status, the Court may order DHS to (1) continue to detain the respondent or (2) release the respondent on either a bond of not less than $1,500.00 or conditional parole. *Id.* Pursuant to the opinion of the First Circuit, DHS bears the burden of proof in custody redetermination proceedings. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). For the Court to order no change in a respondent's custody status, DHS must prove by clear and convincing evidence that the respondent poses a danger to the community or prove by a preponderance of the evidence that the respondent poses a risk of flight. *Id.*; *see also* 8 C.F.R. §§ 1003.19(h)(3), 1236.1(c)(8).

DHS bears the burden to demonstrate respondent's danger to the community by clear and convincing evidence. *Hernandez-Lara*, 10 F.4th at 41. Clear and convincing evidence is a standard of proof which requires more than the preponderance of the evidence standard applied in most civil cases, but less than the beyond a reasonable doubt standard used in criminal proceedings. *Addington v. Texas*, 441 U.S. 418, 425 (1979). The Board of Immigration Appeals ("BIA" or "Board") defined clear and convincing evidence as "that degree of proof though not necessarily conclusive, which will produce in the mind of the court a firm belief or conviction, or as that degree of proof which is more than a preponderance but less than beyond a reasonable doubt." *Matter of Patel*, 19 I&N Dec. 774 (BIA 1988) (quoting *Matter of Carrubba*, 11 I&N Dec. 914, 917 (BIA 1966)).

The Board has consistently held that the following factors are significant in custody redetermination:

---

[1] The record of these proceedings is maintained in an electronic format through the EOIR Courts and Appeals System. For clarity the Court will cite to specific pages using the exhibit and page number that EOIR generates when a filing is uploaded to the eROP. These page numbers appear in the bottom left corner of the exhibits (e.g "EOIR – 1 of 10").

1. Fixed address in the United States. *Matter of Patel*, 15 I&N Dec. 666, 667 (BIA 1979);
2. Length of residence in the United States. *Matter of Shaw*, 17 I&N Dec. 177, 178 (BIA 1979);
3. Family ties in the United States, particularly those which can confer immigration benefits on the respondent. *Matter of Shaw*, 17 I&N Dec. at 178; *Matter of Patel*, 15 I&N Dec. at 667;
4. Employment history in the United States, including length and stability. *Matter of Shaw*, 17 I&N Dec. at 178; *Matter of Patel*, 15 I&N Dec. at 667;
5. Immigration record and eligibility for relief from removal. *Matter of Andrade*, 19 I&N Dec. 488, 491 (BIA 1987); *Matter of Shaw*, 17 I&N Dec. at 178;
6. Attempts to escape from authorities or other flight to avoid prosecution. *Matter of San Martin*, 15 I&N Dec. 167, 169 (BIA 1974);
7. Prior failures to appear for court proceedings. *Matter of Shaw*, 17 I&N Dec. at 178; *Matter of San Martin*, 15 I&N Dec. at 169; and
8. Criminal record, particularly if such record indicates consistent disrespect for the law. *Matter of Andrade*, 19 I&N Dec. at 490-91.

The Court may base a custody or bond determination upon any information that is available or that is presented by the respondent or DHS. 8 C.F.R. § 1003.19(d). It is the responsibility of the Court and parties to ensure that the bond record establishes the nature and substance of the information considered. *Matter of Adeniji*, 22 I&N Dec. 1102, 1115 (BIA 1999).

## IV. FINDINGS OF FACT AND CONCLUSIONS OF LAW

As an initial matter, the Court finds that it has jurisdiction to consider the Respondent's request for custody redetermination, pursuant to an order by the United States District Court for the District of Massachusetts. Bond Exh. 1. After carefully considering the documentary and testimonial evidence and the arguments raised by both parties at the custody redetermination hearing, the Court finds that DHS has met its burden of establishing that the Respondent poses a risk of flight by a preponderance of the evidence. *Hernandez-Lara*, 10 F.4th at 41. Accordingly, the Court orders a bond in the amount of $3,000.

DHS did not make the argument that the Respondent is a danger to the community. Based on the finding that the Respondent does not pose a danger to the community, the Court determines the parties' arguments regarding risk of flight. *See Matter of Urena*, 25 I&N Dec. 140 (BIA 2009). DHS argued that the Respondent is a flight risk because he entered the United States unlawfully in April 2022. Bond Exh. 2 at 5; *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) (noting that an alien's "history of immigration violations" is a proper flight risk factor). DHS explained that the Respondent filed an application for asylum, withholding of removal, and protection under the Convention Against Torture with United States Citizenship and Immigration Services ("USCIS")

in 2023. However, since that application has not yet been adjudicated, his eligibility for relief is speculative. *Matter of R-A-V-P-*, 27 I&N Dec. 803, 806 (BIA 2020) ("Even for aliens who are found to have a credible fear, a grant of asylum is uncertain, in part because the legal standard for establishing eligibility for asylum is higher than that for a credible fear.").

Conversely, the Respondent, through counsel, ("Counsel") explained that he has numerous positive equities that outweigh any negative equities the Respondent may have. The Respondent has a fixed address, a United States citizen daughter, strong community ties in the United States, and no criminal history. *See* Bond Exhs. 2-3. Counsel also explained that the Respondent has work authorization and was granted Temporary Protected Status for Haitian citizens during most of his duration in the United States. *See* Bond Exh. 3. Accordingly, the Respondent has attempted to regularize his status through several means. The Court has considered all equities and finds that DHS has met its burden to show that the Respondent poses a risk of flight by a preponderance of the evidence due to his immigration history and speculative relief. *Hernandez-Lara*, 10 F.4th at 41. However, given the Respondent's collective positive equities, the Court finds that a bond would mitigate the risk of flight, with no alternatives to detention necessary. *Matter of Shaw*, 17 I&N Dec. at 178; *Matter of Patel*, 15 I&N Dec. at 667; *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006); *Matter of Andrade*, 19 I&N Dec. at 491.

Accordingly, the Court orders that the Respondent's request for a change in custody status be **GRANTED** and that a **BOND** be set in the amount of **$3,000**.

**Order of the Immigration Judge**



Immigration Judge: Leonatti, Adam 10/09/2026

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : | A-Number :

Riders:

Date: 10/13/2026 By: VASQUEZ, GENESIS, Court Staff